UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JAMES A. LUNKES, | ) | Case No. 09 B 00584 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

## MEMORANDUM OPINION

Before the Court is the objection of the Chapter 7 Trustee, Frances Gecker (Chapter 7 Trustee), to an exemption claimed by the debtor, James A. Lunkes (Debtor), in his interest in the John W. Lunkes Trust (the Trust). The objection is sustained based on the forgoing reasons.

## I. JURISDICTION

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(B), and (O).

## II. BACKGROUND

On March 1, 2002, John W. Lunkes (John) established the Trust. The Trust's assets include two parcels of commercial real property and one parcel of residential real property. John was the settlor, trustee, and beneficiary. John's five children were amongst the contingent beneficiaries of the Trust. The Debtor is one of John's sons.

The Trust was initially established to provide regular income payments to John during his lifetime. In the event that he became unable to manage his affairs, the Trust allowed the trustee to use the Trust's principal for the support and care of John and Marguerite Reichert (Reichert). Upon the death of John, the successor trustee was to pay all of John's outstanding debts, distribute the principal of the Trust equally to his five children, establish a new trust to provide for the support of

Reichert and allow her to live at the residential property rent-free, negotiate a sale of the commercial properties to certain designated persons, create another separate trust for minor children if necessary, and require the beneficiaries to pay their proportionate share of the federal estate tax. The corpus of the Trust was to be distributed equally to John's five children.

John died on July 6, 2003; his daughter, Patricia Lunkes (Patricia), was named successor trustee of the Trust. After Patricia became successor trustee, a dispute arose between her and one of the other beneficiaries, Michael Lunkes (Michael), concerning the sale of commercial properties to Michael. The Trust provided John's three sons with an option to purchase the commercial properties for 50% of their appraised value. The Trust required that payment for the properties was to be made within nine months of providing notice of an intention to purchase them. The nine month period lapsed without payment. Michael filed a lawsuit against Patricia and the other beneficiaries in the Circuit Court of Cook County. The issues involved in the state court litigation involve Patricia's failure to make a distribution as required by the trust and whether she breached her fiduciary duty to the beneficiaries in her capacity as trustee. At the current time, the properties have yet to be sold and no distributions have taken place.

The Debtor filed a voluntary chapter 7 bankruptcy petition on January 9, 2009. In his schedules, the Debtor listed his inheritance in the Trust. The Debtor also claimed an exemption under 11 U.S.C. § 541(c)(2) in the inheritance because he claims that the inheritance constitutes a spendthrift trust. The Chapter 7 Trustee challenges the Debtor's claimed exemption on the grounds that the inheritance at issue is not a spendthrift trust and is not entitled to an exemption under the U.S. Bankruptcy Code.

## III. DISCUSSION

The issue is whether the John W. Lunkes Trust is a spendthrift trust. If it is, then it is exempt from becoming a part of the Debtor's bankruptcy estate. If it is not, the Debtor's interest in it comes into the estate for administration by the Chapter 7 Trustee for distribution to creditors.

Under § 541(a)(1) of the Bankruptcy Code, the property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). When that property includes a beneficial interest in a trust containing a spendthrift or anti-alienation provision, its inclusion in the bankruptcy estate depends on whether the provision is enforceable under applicable non-bankruptcy law. 11 U.S.C. 541(c)(2); *In re McCoy*, 274 B.R. 751, 761-62 (Bankr. N.D. Ill. 2002). To be exempt from inclusion in his bankruptcy estate, the Trust has to be a valid spendthrift trust under Illinois law.[1]

The purpose of a spendthrift trust is to provide a fund for the care and maintenance of another while protecting the trust from the beneficiary's "incapacity or financial imprudence." *In re Balay*, 113 B.R. 429, 437 (Bankr. N.D. Ill. 1990). They are distinguishable from other trusts because they contain a provision prohibiting alienation of the trust's corpus by the beneficiary's voluntary or involuntary acts. *Id.* (citing *Geiger v. Geer*, 69 N.E.2d 848, 395 Ill. 367 (1948)). Such a provision is not necessarily indicative of a spendthrift trust. *Id.* In Illinois, a valid spendthrift trust cannot be self-settled. *Id.*; *see also* 735 ILL. COMP. STAT. ANN. 5/2-1403. A self-settled trust is a trust where one establishes a trust for his own benefit. *Balay*, 113 B.R. at 437 n.14. For a valid spendthrift trust, the beneficiary must not have a right to or the control of any immediate distribution from the trust.

---

[1] The Trust is governed under the laws of Illinois. John W. Lunkes Declaration of Trust FIFTH, pg. 14 (Exhibit A, Case No. 09-bk-00583, Dkt. No. 49).

3

*Id.* at 437.

The Debtor acknowledges that a spendthrift trust cannot be found where the settlor is the beneficiary. Instead, the Debtor distinguishes the present case from the rule that a self-settled trust cannot be a spendthrift trust on the basis that the Debtor is a contingent beneficiary of the Trust. The issue becomes whether a valid spendthrift trust was created when John died.

In *Matter of Perkins*, the Seventh Circuit set forth a test to determine whether a trust qualifies as a spendthrift trust in Illinois:

> To determine whether a trust qualifies as a spendthrift trust under Illinois law, courts examine the following characteristics: (1) whether the trust restricts the beneficiary's ability to alienate and the beneficiary's creditors' ability to attach the trust corpus; (2) whether the beneficiary settled and retained the right to revoke the trust, and [3] whether the beneficiary has exclusive and effective dominion and control over the trust corpus, distribution of the trust corpus and termination of the trust. The degree of control which a beneficiary exercises over the trust corpus is the principal consideration under Illinois law.

*Matter of Perkins*, 902 F.2d 1254, 1257 n.2 (7th Cir. 1990) (internal citations omitted).

The first two elements are not at issue here. The Trust contains an anti-alienation clause stating the following:

> The interests of beneficiaries in principal or income shall not be subject to the claims of any creditor, any spouse for alimony or support, or others, or to legal process, and may not be voluntarily or involuntarily alienated or encumbered. This provision shall not limit the exercise of any power of appointment.

John W. Lunkes Declaration of Trust FOURTH, SECTION 2, pg. 8 (Exhibit A, Case No. 09-bk-00583, Dkt. No. 49).

Moreover, the Debtor did not settle the Trust. As discussed earlier, a valid spendthrift trust was not created by John; the issue focuses on whether a valid spendthrift trust for the benefit of the Debtor came into existence when John died. "The general rule is that '[i]f the beneficiary is entitled to have the principal conveyed to him immediately, a restraint on the voluntary or involuntary transfer of his

4

interest in the principal is invalid'" meaning that the spendthrift provision of the trust would be ineffective. *McCoy*, 274 B.R. at 763 (quoting RESTATEMENT (SECOND) OF TRUSTS § 153(2)). At issue is whether the Debtor has exclusive control over the trust corpus, or more pertinently, whether the Debtor had a right to an immediate distribution under the Trust.

The Debtor argues that the Trust became a valid spendthrift trust. He further argues that he lacks the requisite control or immediate right to distribution from the Trust that would invalidate the anti-alienation provision and ultimately, the spendthrift nature of the Trust. In support, the Debtor asserts that the present state court litigation involving the Trust precludes him from receiving a distribution. Additionally, the Debtor argues that the successor trustee, Patricia, is the one who maintains control over the Trust.

Trusts are construed in the same manner as wills in Illinois. *McCoy*, 274 B.R. at 763 (citing *Harris Trust and Sav. Bank v. Donovan*, 582 N.E.2d 120, 123, 145 Ill.2d 166 (Ill. 1991)). In Illinois, estates vest at the earliest opportunity and will vest upon the death of the testator unless a later time for vesting is indicated by the express terms of the instrument or necessarily implied from them. *Geiger*, 69 N.E.2d at 852. Trusts, like contracts, are to be enforced by their plain meaning and terms and will not be construed beyond the four corners of the document. *In re Hawley*, 2004 WL 3300098, *5 (Bankr. C.D. Ill. 2004) (citing *Northern Trust Co. v. Tarre*, 427 N.E.2d 1217, 86 Ill.2d 441 (Ill. 1981); *see also McCoy*, 274 B.R. at 763 ("The cardinal rule of will construction is the ascertainment of a settlor's intention from the will itself.").

In the present case, the trust instrument itself is telling. It provides a system of distribution upon the death of John. It states:

*Upon my death the trustee shall:*

(a) Distribute any assets I may own in the business known as John W. Lunkes, d/b/a Illinois Battery Manufacturing Company, a sole proprietorship, equally among my then living sons.

(b) Distribute any and all promissory notes executed by the ILLINOIS BATTERY CORPORATION, an Illinois corporation, which are payable to my trust or myself, equally to my sons who have an ownership interest in ILLINOIS BATTERY CORPORATION in the proportion of his ownership of said corporation. If a son has predeceased me and has bequeathed his ownership of said corporation to his spouse or children, then in that event, the proportionate share of the promissory notes that the deceased son would have received if living shall pass to that person or persons who inherited the ownership interest from my deceased son.

(c) Distribute the sum of Twenty Five Thousand Dollars ($25,000.00) to each of the then living children of my deceased son, JOHN WILLIAM LUNKES, JR. However, in the event that my federal taxable estate for federal estate tax Form 706 purposes does not exceed ONE MILLION DOLLARS these bequests shall lapse.

(d) Distribute the balance of my trust estate as follows:

   i)   One-Fifth (1/5) to my son, MICHAEL J. LUNKES, if living, otherwise to his then living descendants, per stirpes;

   ii)  One-Fifth (1/5) to my daughter, PATRICIA ANN LUNKES, if living, otherwise to be added to the shares provided for in this paragraph (d) of this SECTION 1;

   iii) One-Fifth (1/5) to my daughter, DONNA L. BOBER, if living, otherwise to her then living descendants, per stirpes;

   iv)  One-Fifth (1/5) to my son, WILLIAM J. LUNKES, if living, otherwise to his then living descendants, per stirpes;

   v)   One-Fifth (1/5) to my son, JAMES A. LUNKES, if living, otherwise to his then living descendants, per stirpes.

John W. Lunkes Declaration of Trust THIRD, SECTION 1, pg. 4 (Exhibit A, Case No. 09-bk-00583, Dkt. No. 49) (emphasis added).

Looking to this language, the trust instrument instructs the trustee to distribute the property of the Trust without discretion. This is apparent from the words "Upon my death the trustee *shall*." The use of the word "shall" instead of "may" indicates the trustee has no discretion in how to administer

the property. Therefore, the Debtor had an immediate right to a distribution under the Trust upon his father's death. It is of little consequence that that distribution has yet to occur. In fact, it is the distribution itself and issues involving the duties of the trustee that are currently being litigated in state court. The Debtor's right to a distribution vested from the moment that John died.

Further, the Trust purports to restrict the Debtor's ability to alienate and creditors' ability to attach the trust corpus. However, the restrictive language immediately precedes language that the provision shall not limit the exercise of any power of appointment. This may give the Debtor authority to alienate the trust corpus or his interest in the Trust. Based upon the language of the trust instrument itself, the Trust is not a spendthrift trust under Illinois law. Therefore, the Debtor cannot claim an exemption in his interest in the John W. Lunkes Trust.

## IV. CONCLUSION

For the foregoing reasons, the Chapter 7 Trustee's objection to the Debtor's claimed exemption in the John W. Lunkes Trust is SUSTAINED.

DATED: July 16, 2009                                           ENTER:      *Jacqueline P. Cox*

J. P. Cox
_____
Jacqueline P. Cox
United States Bankruptcy Judge